**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

MICHAEL FOLEY,

        Plaintiff,

vs.

KURT GRAHAM; *et. al.*,

        Defendants.

Case No. 2:16–cv–1871–JAD–VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 1) AND COMPLAINT (ECF NO. 1-1)

    Before the court are Plaintiff Michael Foley's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, Foley's *in forma pauperis* application is granted and he may proceed with this action. It is recommended that Foley be allowed to proceed with his excessive force claim against Defendant Kurt Graham only.

**I. Discussion**

    Foley's filings present two questions: (1) whether Foley may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Foley's complaint states a plausible claim for relief. Each is discussed below.

1. <u>Foley May Proceed *In Forma Pauperis*</u>

    Foley's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Foley submitted a financial affidavit. (ECF No. 1). According to the affidavit, Foley earns approximately $1,100 per month, supports two minor children, and has over $100,000 in debt. Foley's application to proceed *in forma pauperis* is, therefore, granted.

1

**II. Legal Standard**

Because the court grants Foley's application to proceed *in forma pauperis*, it must review Foley's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Foley's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegation, which are accepted as true, "do

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### III. Discussion

1. <u>The Claims Based on an Invalid Warrant Are Barred by *Heck*</u>

Foley has sued Investigator Kurt Graham, Investigator Kenneth Bourne, Clark County Sheriff Douglas Gillespie, and the Clark County Detention Center for allegedly arresting and detaining him without a valid warrant. (ECF No. 1-1 at 3)

"[T]he U.S. Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

In *Arenas v. Las Vegas Metropolitan Police Dept.*, the plaintiff brought a §1983 action against various Defendants. No. 2:15-cv-1516-RCJ-CWH, 2016 WL 3653511 at* 2 (D.Nev. Apr. 18, 2016). He alleged that the warrant used to search his car was invalid and failed to establish probable cause. *Id.*

The court found that the claims arising from the invalid warrant were *Heck* barred since the plaintiff had not alleged that his underlying sentence was reserved, expunged, or declared invalid. *Id.*

Foley alleges that the warrant used to arrest him was "false, deceptive, and misleading." (ECF No. 1-1 at 5)  He also asserts the warrant was not signed by a judge, and that the officers lacked probable cause to arrest him. (*Id.*)  Foley however has not alleged that the matter for which he was taken into custody, the failure to pay an $840 family court obligation, was reversed, expunged, or declared invalid. *See Heck*, 512 U.S. at 484.  The court should therefore dismiss Foley's claims against Investigator Kurt Graham, Investigator Kenneth Bourne, Clark County Sheriff Douglas Gillespie, and the Clark County Detention Center.

2.  <u>Foley Has Stated a Claim for Excessive Force</u>

To bring a §1983 excessive force claim, a plaintiff must show that: (1) he was seized; (2) he was injured; (3) the injury was a direct and exclusive result of an excessive use of force; and (4) the force used was objectively unreasonable. *Repinec v. Fincher*, No. 2:14-cv-1067, 2014 WL 3779061 at* 3 (D.Nev. Jul. 31, 2014).  Foley stated that "Kurt Graham placed handcuffs excessively tight on the right wrist of the Defendant … to cause him to suffer pain and injury to his wrist." (ECF No. 1-1 at 4)  Under the mandate to liberally construe *pro se* pleadings, Foley has stated an excessive force claim against Graham.

3.  <u>Foley's Claim Against Defendant Sylvia Teuton and Doe Defendant #5 are Barred By Absolute Immunity</u>

   a.  *Defendant Sylvia Teuton*

Judges are "absolutely immune [under §1983] from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (*en banc*).  Foley alleges that Teuton "pretended to be a judge" and sentenced him to several days imprisonment for failing to pay

4

his family court obligations.  (ECF No. 1-1 at 6)  Contrary to Foley's assertions, Defendant Teuton is employed by the Eighth Judicial District of Nevada as a family court hearing master.  As a member of the judiciary, Defendant Teuton is entitled to absolute judicial immunity.  *Ashelman*, 793 F.2d at 1075.  Foley's claims against Defendant Teuton should therefore be dismissed with prejudice.

        b.     *Doe Defendant #5*

Prosecutors are absolutely immune under §1983 for "presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).  Foley assets that Doe Defendant #5 is a lawyer, who "argue[d] for the confinement and false imprisonment of the Plaintiff."  (ECF No. 1-1 at 6)  Doe Defendant #5 appears to have been the prosecutor assigned to Foley's family court matter.  Doe Defendant #5 is entitled to absolute immunity.  *Imbler*, 424 U.S. at 431.  All claims against him or her should be dismissed with prejudice.

4.    <u>Foley's Claims Against Does #6, #7, #8, and #9 are Barred By Absolute Quasi-Judicial Immunity</u>

"Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."  *Mullis v. U.S. Bankruptcy Court for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987).  Foley states that Defendant Doe #6 was the court bailiff and that Defendant Does #7, #8, and #9 were Clark County Detention Center employees who brought him to his family court hearing.  (ECF No. 1-1 at 6)  His allegations against these individual amount to descriptions of their routine tasks, namely being present in the courtroom and transporting defendants to and from court appearances.  (*Id.*)  Under the doctrine of absolute quasi-judicial immunity, Foley's claims against Defendant Does #6, #7, #8, and #9 should be dismissed with prejudice.  *See Mullis*, 828 F.2d at 1390.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Foley's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court filed the complaint. (ECF No. 1-1).

IT IS FURTHER ORDERED that Foley is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Foley's claims against Defendants Bourne, Gillespie, and the Clark County Detention Center be DISMISSED with leave to amend.

IT IS RECOMMENDED that Foley be allowed to PROCEED with his excessive force claim against Defendant Graham. All other claims against Defendant Graham should be DISMISSED.

IT IS RECOMMENDED that Foley's claims against Defendant Teuton, and Doe Defendants #5–9 be DISMISSED without leave to amend.

IT IS FURTHER RECOMMENDED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

IT IS FURTHER ORDERED that if the court adopts this report and recommendation, and an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint. The court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1)

failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.F

IT IS SO ORDERED and RECOMMENDED.

DATED this 13th day of September, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE