UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Michael Foley,<br><br>    Plaintiff<br><br>v.<br><br>Kurt Graham, et al.,<br><br>    Defendants | 2:16-cv-01871-JAD-VCF<br><br>**Order Adopting in Part Report and Recommendation**<br><br>[ECF No. 3] |

Michael Foley brings this civil-rights action against a handful of county officials. Magistrate Judge Ferenbach screened Foley's complaint, and he recommends that I allow only Foley's excessive-force claim to proceed and dismiss some claims with prejudice and others without prejudice and with leave to amend. Foley objects to the dismissal of any of his claims. Having reviewed the objected-to portions of the magistrate judge's report and recommendation de novo, I adopt in part the report and recommendation, permit Foley's unlawful-arrest and excessive-force claims to proceed, and give him until April 24, 2017, to file an amended complaint curing the deficiencies outlined in this order.

**Discussion**

**A.   Standards of review**

A district judge reviews objections to a magistrate judge's proposed findings and recommendations de novo.[1] "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[2] The standard of review applied to the unobjected-to portions of the report and recommendation is left to

---

[1] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003).

[2] *Id.*

the district judge's discretion.[3]

Because Foley is proceeding *in forma pauperis*, the court must review his complaint to identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[4] To state a claim under 42 USC § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States and (2) that the alleged violation was committed by a person acting under color of state law.[5] Pro se pleadings, however, must be liberally construed.[6]

Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standards under § 1915 when reviewing the adequacy of a pro se complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions for curing its deficiencies unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.[7]

**B.  Foley's objections**

  **1.  *Heck*-barred claims**

The magistrate judge recommends that I dismiss with prejudice Foley's unlawful-arrest claim as barred by *Heck v. Humphrey*.[8] Foley objects, arguing that "regardless of the validity or status of any underlying State action, [he] is entitled to freedom from bodily restraint in accord with due

---

[3] *Id.* (stating that a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise") (emphasis in original).

[4] *See* 28 U.S.C. § 1915(e).

[5] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[6] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[7] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[8] ECF No. 3 at 3.

process 24/7."[9]

Under the Supreme Court's decision in *Heck v. Humphrey*,[10] a prisoner cannot use §1983 to obtain damages or other relief where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence.[11] In other words, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which § 1983 damages are sought, the §1983 action must be dismissed."[12] A § 1983 action should be allowed to proceed, however, if success on the merits will not necessarily invalidate a conviction against the plaintiff.[13]

The magistrate judge reasoned that, because Foley does not allege that the state matter for which he was taken into custody—failure to pay an $840 family-court obligation—was reversed, expunged, or declared invalid, his unlawful-arrest claim is *Heck*-barred. I disagree with this conclusion. Foley claims that the officers arrested him at his home without a valid arrest warrant because the warrant was not signed by a judge.[14] Accepting this allegation as true as I must at this stage, Foley could conceivably prevail on this type of unlawful-arrest claim without necessarily invalidating the family-court judgment against him.

Accordingly, I permit Foley's unlawful-arrest claim to proceed against the defendants who allegedly perpetrated the unlawful arrest: investigators Graham and Bourne and John Doe #1. I dismiss this claim without prejudice and with leave to amend against Sheriff Gillespie because Graham alleges no facts to show how the sheriff personally participated in the alleged violation. Upon amendment, Foley must keep in mind that there is no *respondeat superior* liability for § 1983

---

[9] ECF No. 5 at 1–2.

[10] *Heck v. Humphrey*, 512 U.S. 477, 484 (1994).

[11] *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

[12] *Smithhart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

[13] *Heck*, 512 U.S. at 487.

[14] ECF No. 1-1 at 4.

actions; a supervisor is liable for the constitutional violations of his subordinates only if he participated in or directed the violations or knew of them and failed to act to prevent them.[15] I dismiss this claim with prejudice against the Clark County Detention Center because the jail is an inanimate building, not a person or entity capable of being sued.

Foley also alleges that John Doe defendants # 2–4 "caused false, deceptive, and misleading documents to be used" to make his arrest and confinement appear lawful.[16] These allegations are too vague and conclusory to state a plausible claim for relief or to allow me to determine whether they are *Heck*-barred. Foley's claim against John Does #2–4 are therefore dismissed without prejudice and with leave to amend. If Foley chooses to replead this claim, he should specify what types of false information or documents were provided by what types of individuals and to whom.

### 2. *Defendants immune from suit*

Foley next objects to the magistrate judge's determination that his claims against family-court hearing master Tueton, doe prosecutor, and doe court staff are barred by absolute or quasi-judicial immunity.[17] Foley argues that these defendants are not entitled to immunity because they "recklessly and deliberately disregarded and violated" his rights and acted "outside the scope and jurisdiction of their respective positions."[18]

I agree with the magistrate judge's recommendation that the claims against these defendants must be dismissed with prejudice on immunity grounds. Foley alleges that Teuton improperly sentenced him to several days imprisonment for failing to pay support obligations, that the doe prosecutor "argue[d] for the confinement and false imprisonment of Foley," that doe # 6 was the court bailiff at his improper family-court hearing, and that does #7–9 improperly transported him from the Clark County Detention Center to the hearing.

Magistrate Judge Ferenbach correctly recommended dismissal of Foley's claims against the

---

[15] *See Taylor v. List*, 880 F.2d 1045, (9th Cir. 1989).

[16] ECF No. 1-1 at 5.

[17] ECF No. 5.

[18] *Id.* at 2–3.

family court hearing master because actions taken by state judges in a lawsuit are absolutely immune from § 1983 liability.[19] All actions allegedly taken by the hearing master were in the context of Foley's family-court proceeding and are entitled to absolute immunity. This immunity extends to the court bailiff and the officers who transported Foley to and from these proceedings.[20] Additionally, prosecutors are "absolutely immune [from liability] for initiating a prosecution and for presenting the state's case."[21] Because all of Foley's allegations against the john doe prosecutor were in the course of presenting the state's case, these claims must also be dismissed with prejudice.

## C. Leave to amend

Foley is granted leave to file an amended complaint to replead his claim for unlawful arrest against Sheriff Gillespie and his allegations against John Does #2–4 that these defendants submitted false documents in connection with his arrest. If Foley chooses to file an amended complaint, he is cautioned that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself.[22] Foley's amended complaint must therefore contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit, but Foley must not include claims that have been dismissed with prejudice by this order. Foley must file the amended complaint on this court's approved prisoner civil-rights form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption. If Foley chooses to file an amended complaint, he must do so by April 24, 2017. If Foley fails to file an amended complaint by

---

[19] *Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004).

[20] *Mullis v. United States Bankruptcy Ct. for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987).

[21] *Burns v. Reed*, 500 U.S. 478, 490–91 (1991); *County of Washoe v. Second Judicial Dist. Ct.*, 652 P.2d 1175, 1176 (Nev. 1982) ("Under the doctrine of common law immunity, it is well settled that a district attorney is immune from damages for his actions and conduct arising from the performance of his criminal prosecutorial function").

[22] *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that a plaintiff is not required to reallege in an amended complaint claims dismissed with prejudice in order to preserve them for appeal).

this deadline, this case will proceed only on his unlawful-arrest claim against Investigators Graham and Bourne and john doe #1 and his excessive-force claim against Graham.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the report and recommendation is ADOPTED in part:

    (1) All claims against the Clark County Detention Center, Hearing Master Teuton, John Doe #5, and John Does court staff # 6–9 are DISMISSED with prejudice and without leave to amend because amendment would be futile.

    (2) Foley's unlawful-arrest claim may proceed against Investigators Kurt Graham and Kenneth Bourne and John Doe # 1; it is dismissed without prejudice and with leave to amend against Sheriff Gillespie and John Does #1–4.

    (3) Foley's excessive-force claim may proceed against Investigator Graham.

IT IS FURTHER ORDERED that Foley has until **April 24, 2017**, to file an amended complaint. If Foley fails to file an amended complaint by this deadline, this case will proceed only on his unlawful-arrest claim against Investigators Graham and Bourne and his excessive-force claim against Graham.

IT IS FURTHER ORDERED that if Foley files an amended complaint, the Clerk of Court is directed not to issue summons on the amended complaint. The court will issue a separate order screening the amended complaint and address the issue of summons at that time, if applicable.[23]

Dated this 24th day of March, 2017.

                                                  _____
                                                  Jennifer A. Dorsey
                                                  United States District Judge

---

[23] *See* 28 U.S.C. §1915(e)(2).