**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

MICHAEL FOLEY,

        Plaintiff,

vs.

KURT GRAHAM; *et. al.*,

        Defendants.

Case No. 2:16–cv–1871–JAD–VCF

**ORDER**

FIRST AMENDED COMPLAINT [ECF NO. 7]

    Before the court is Plaintiff Michael Foley's First Amended Complaint. (ECF No. 7). For the reasons stated below, Foley's first amended complaint is dismissed without prejudice.

## BACKGROUND

    On August 8, 2016, Foley filed his application for leave to proceed *in forma pauperis* and original complaint. (ECF Nos. 1, 1-1). Foley alleged that he was wrongfully arrested and confined based on an invalid warrant in connection with an alleged debt. (ECF No. 1 at 3). Foley brought claims for unlawful arrest and excessive force against Kurt Graham, Kenneth Bourne, (the two investigators who arrested Foley), Douglas Gillespie (the Sherriff of Clark County), Sylvia Teuton (the Hearing Master who sentenced Foley), and Clark County Detention Center. (*Id.* at 2-3).

    On March 27, 2017, the District Court issued an order partially dismissing Foley's complaint. (ECF No. 6). The Court dismissed Foley's claims against Clark County Detention Center with prejudice because "the jail is an inanimate building, not a person or entity capable of being sued." (*Id.* at 4). The Court dismissed the claims against "Teuton, doe prosecutor, and doe court staff" with prejudice because the court officers are absolutely immune from liability for actions taken in their judicial roles. (*Id.* at 4-6). The Court permitted Foley's unlawful arrest claims against Graham and Bourne and Foley's excessive

force claim against Graham to proceed. (*Id.* at 6). The Court dismissed Foley's unlawful arrest claim against Gillespie with leave to amend to provide allegations that Gillespie "participated in or directed the [constitutional] violations or knew of them and failed to act to prevent them." (*Id.* at 3-4). The Court stated that should Foley choose to amend his complaint, "Foley's amended complaint must therefore contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit, but Foley must not include claims that have been dismissed with prejudice by this order." (*Id.* at 5).

On April 24, 2017, Foley filed his first amended complaint. (ECF No. 7). The complaint names all the original defendants except Clark County Detention Center and adds as defendants Las Vegas Metropolitan Police Department, Clark County, Steven Wolfson ("official child support debt collector"), Steven Grierson ("Clerk of the 8th District Court"), Merle Lok (Hearing Master who issued Foley's arrest warrant), and Patricia Foley (a "non-government defendant" who "caused the government defendants to arrest and falsely imprison the Plaintiff in order to extort money from him"). (*Id.* at 2-3). The amended complaint copies substantial portions of the original complaint (*Id.* at 1, 3, 5-6, 8-9) but does add some additional information concerning the alleged scheme among the defendants to arrest and detain Foley based on an improper warrant (*Id.* at 2, 4, 7, 10).

**DISCUSSION**

The Court ordered that "Foley must not include claims that have been dismissed with prejudice" in his amended complaint. (ECF No. 6 at 5). Foley's first amended complaint still lists Teuton as a defendant and alleges that she has acted unconstitutionally. (ECF No. 7 at 1, 3, 7, 9-10). The Court dismissed all claims against Teuton with prejudice. (ECF No. 6 at 6). The Court also dismissed all claims against the prosecutor and court staff involved in Foley's case with prejudice. (*Id.* at 4-6). However, Foley's first amended complaint has added in several defendants that fall into these categories: Wolfson (who allegedly acted as the prosecutor in Foley's case, since he "designed and created" the arrest warrant

2

issued against Foley), Grierson (a clerk of the court), and Lok (another Hearing Master). (ECF No. 7 at 7). As explained in the Court's previous order, these defendants are absolutely immune from liability for actions taken in their judicial roles. (ECF No. 6 at 4-6).

Because Foley's first amended complaint includes claims that have been dismissed with prejudice, the Court dismisses the first amended complaint with leave to amend. These previously-dismissed claims are interwoven with Foley's claims against the other defendants, making it impossible for the Court to evaluate the claims against the other defendants at this time. Should Foley file a second amended complaint, he must remove the previously-dismissed claims and only make allegations against proper defendants.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Foley's First Amended Complaint (ECF No. 7) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Foley has until March 29, 2018 to file a Second Amended Complaint. Should Foley not file a Second Amended Complaint, the Court will follow the Court's March 27, 2017 Order regarding the claims that may proceed.

IT IS FURTHER ORDERED that if a Second Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Second Amended Complaint. The Court will issue a screening order on the Second Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may

determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.F

IT IS SO ORDERED.

DATED this 28th day of February, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE