# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Michael Foley,

    Plaintiff

v.

Kurt Graham, et. al.,

    Defendants

Case No.: 2:16-cv-01871-JAD-VCF

**Order Overruling Foley's Objection, Dismissing Complaint, and Granting Leave to Amend**

[ECF Nos. 13, 14]

Pro se Michael Foley objects to Magistrate Judge Ferenbach's order dismissing his first-amended complaint without prejudice.[1] Having reviewed the objected-to portions of the magistrate judge's order de novo, I agree that non-prejudicial dismissal is warranted here, so I overrule Foley's objection and give him until July 23, 2018, to file a second-amended complaint curing the deficiencies outlined in this order.

## Background

Foley's claims arise from his allegedly unlawful arrest for failing to pay an alleged debt. His initial complaint stated claims for unlawful arrest and excessive force against Kurt Graham and Kenneth Bourne (the two investigators who arrested Foley), Douglas Gillespie (Clark County Sheriff), Sylvia Teuton (hearing master), the Clark County Detention Center, and nine unidentified John Does.[2] I dismissed all claims against the Clark County Detention Center, Hearing Master Teuton, and John Does #5–9 with prejudice because the CCDC is an inanimate building that cannot be sued, and the others are immune from his claims.[3] I allowed Foley to

---
[1] ECF No. 14.
[2] ECF No. 1 at 2-3.
[3] ECF No. 6 at 4–6.

proceed on his unlawful-arrest claim against Graham, Bourne, and John Doe #1 and his excessive-force claim against Graham.[4] And I gave Foley leave to amend his unlawful-arrest claim against Sheriff Gillespie and John Does #1–4.[5]

A month later, Foley filed his first-amended complaint[6] naming all original defendants (except Clark County Detention Center) and adding the Las Vegas Metropolitan Police Department (Metro), Clark County, Steven Wolfson ("child support debt collector"), Steven Grierson (Eighth District court clerk), Merle Lok (hearing master), and his ex-wife Patricia Foley.[7] Foley's amended complaint realleges significant portions of the claims that I dismissed with prejudice and entangles them with his other claims.[8] Judge Ferenbach dismissed Foley's first-amended complaint without prejudice and instructed him to file a second-amended complaint that is scrubbed of the previously-dismissed claims.[9] Judge Ferenbach found—and I agree—that the claims are so intertwined that screening the allowable claims is impossible. Foley objects to Judge Ferenbach's dismissal because, he argues, the defendants should not be immune from suit because they are not judicial officers and employees, but imposters who have set up a kangaroo court to punish him.[10]

---

[4] ECF No. 6 at 6.
[5] *Id*.
[6] ECF No. 7.
[7] ECF No. 7 at 2–3.
[8] ECF No. 7 at 1, 3, 5–6, 8–9.
[9] ECF No. 13 at 3.
[10] ECF No. 7 at 9.

2

**Discussion**

A. **Standards of review**

A district judge reviews objections to a magistrate judge's proposed findings and recommendations de novo.[11] "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[12] The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion.[13] Because Foley is proceeding *in forma pauperis*, the court must review his complaint for any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[14] To state a claim under 42 U.S.C §1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States and (2) that the alleged violation was committed by a person acting under color of state law.[15] Pro se pleadings, however, must be liberally construed.[16]

Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standards under §1915 when reviewing the adequacy of a pro se complaint. When a court

---

[11] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003).
[12] *Id*.
[13] *Id*. (stating that a "district judge must review the magistrate judge's findings and recommendation *de novo if objection is made*, but not otherwise") (emphasis in original).
[14] *See* 28 U.S.C. §1915(e).
[15] *See West v. Atkins*, 487 U.S. 42, 48 (1988).
[16] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

dismisses a complaint under § 1916(e), the plaintiff should be given leave to amend the complaint with directions for curing its deficiencies unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.[17]

**B.     Foley's objections**

Foley objects to Judge Ferenbach's determination that his claims against Hearing Master "Teuton, doe prosecutor, and doe court staff"[18] are barred by absolute or quasi-judicial immunity.[19] He argues that these defendants, are not entitled "to no immunity whatsoever" because they are "impersonators and persecutors" who have created a "kangaroo court."[20] These allegations are insufficient to satisfy the familiar *Twombly-Iqbal* plausibility standard. *Twombly*[21] and *Iqbal*[22] require the plaintiff to allege enough facts to tip the scales from possible to plausible. Foley's allegations of imposters, persecutors, and kangaroo courts are, without more, just as fantastic as claims about little green men, trips to Pluto, and time travel.[23] So, I find that these allegations are insufficient to invalidate the immunity that I previously recognized. This immunity extends to Eighth District Court Clerk Grierson and Hearing Master Lok.[24]

---

[17] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).
[18] ECF No. 6 at 4–6.
[19] ECF No. 5.
[20] ECF No. 14 at 2.
[21] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).
[22] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
[23] *Iqbal*, 556 U.S. at 696 (Souter, J., dissenting).
[24] *Mullis v. United States Bankr. Ct. for the Dist. Of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987).

If Foley wishes to proceed with this case, he must separate the claims that have been dismissed with prejudice from the claims that have been dismissed without prejudice. The court cannot evaluate his claims when they are entangled with others that were dismissed with prejudice.

**C.    Leave to amend**

Foley is granted leave to file a second-amended complaint to clarify and replead his claims. If Foley chooses to file a second-amended complaint, he is cautioned that a second-amended complaint supersedes the first-amended complaint and, thus, the second-amended complaint must be complete in itself.[25] Foley's second-amended complaint must therefore contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit, but Foley must not include claims that have been dismissed with prejudice by this order. Foley must file the second-amended complaint on this court's approved prison civil-rights form and write the words "Second Amended" above the words "Civil Rights Complaint" in the caption. If Foley chooses to file a second-amended complaint, he must do so by July 23, 2018. If Foley fails to file a second-amended complaint by this deadline, this case will proceed only on his unlawful-arrest claim against Investigators Graham and Bourne and John Doe #1 and his excessive-force claim against Graham.

---

[25] *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that a plaintiff is not required to reallege in an amended complaint claims dismissed with prejudice in order to preserve them for appeal).

5

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Foley's objection **[ECF No. 14]** to Judge Ferenbach's without-prejudice dismissal **[ECF No. 13] is OVERRULED**.

IT IS FURTHER ORDERED that all claims against defendants Teuton, Grierson, Lok, and John Does #5–9 are **DISMISSED** with prejudice because these individuals are immune from suit.

IT IS FURTHER ORDERED that Foley has until **July 26, 2018**, to file a second-amended complaint. If Foley fails to file an amended complaint by this court-ordered deadline, this case will proceed only on his unlawful-arrest claim against Defendants Graham, Bourne, and John Doe #1; and his excessive-force claim against Graham. Foley may not pursue any claims against Teuton, Grierson, Lok, and John Does #5–9.

IT IS FURTHER ORDERED that if Foley files a second-amended complaint, the Clerk of Court is directed not to issue summons on the second-amended complaint. The court will issue a separate order screening the amended complaint and address the issue of summons at that time, if applicable.[26]

Dated: June 26, 2018.

_____
United States District Judge Jennifer A. Dorsey

---

[26] *See* 28 U.S.C. §1915(e)(2).