# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Michael Foley,

    Plaintiff

v.

Kenneth Graham, et al.,

    Defendants

Case No.: 2:16-cv-01871-JAD-VCF

**Order Granting in Part and Denying in Part Defendants' Motions to Dismiss**

[ECF Nos. 29, 32]

    After multiple rounds of dismissal briefing, only five defendants remain in this civil-rights suit that challenges Michael Foley's arrest for contempt for unpaid child support. Defendants Clark County, former Sheriff Douglas Gillespie, the Las Vegas Metropolitan Police Department (LVMPD), and Clark County District Attorney's Office (CCDAO) Investigators Kurt Graham and Kenneth Bourne move to dismiss the claims against them as either time-barred or for failing to state a claim for relief. Because Foley filed expired claims against Clark County and LVMPD, I dismiss the claims against them with prejudice. Nevada doesn't recognize a conspiracy claim in § 1983 actions, so I dismiss the claims against Gillespie with prejudice, too. But Graham and Bourne haven't met their burden to show that the claims against them should be dismissed, so I deny their dismissal motion and refer this case to the magistrate judge to issue an order regarding scheduling for the claims against Graham and Bourne.

## Background

    Foley alleges that on August 6, 2014, Investigators Graham and Bourne arrested him without a warrant and using excessive force, and that Gillespie, LVMPD, and Clark County conspired to operate a debtor's prison for parents like him who fail to pay outstanding child

support.[1] He contends that LVMPD, Clark County, Gillespie, Graham and Bourne conspired in the operation of the debtor's prison based on unenforceable warrants.[2] Foley filed his initial complaint against investigators Graham and Bourne, along with former Sheriff Gillespie on August 8, 2016, asserting causes of action under 42 U.S.C. § 1983.[3] He amended the complaint to add LVMPD as a defendant in April 2017,[4] and to add Clark County as a defendant in July 2018.[5]

**Discussion**

Defendants Graham, Bourne, and Clark County move to dismiss Foley's second amended complaint, arguing that it is time-barred because Foley filed it after the two-year statute of limitations that applies to his civil-rights claims had run—two days late for Graham and Bourne and over a year late for Clark County.[6] Defendants LVMPD and Gillespie join in this motion.[7] Foley responds that his complaint is timely under Federal Rule of Civil Procedure 6 because the last day of the limitations period fell on a Saturday and he didn't have access to the Clerk's

---

[1] ECF No. 18 at 5–9.

[2] *Id*. I take judicial notice of the booking record for Foley's arrest that shows that he was arrested for contempt of court by the District Attorney's Office of Family Support. ECF No. 29 at 14. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment.") (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986)).

[3] Foley asserted claims against other individuals who have since been terminated from this case.

[4] ECF No. 7. The court dismissed the first amended complaint in a screening order after it found that he ignored the court's previous order not to include in an amended complaint any of the claims that it had previously dismissed without prejudice. *See* ECF No. 13.

[5] ECF No. 18.

[6] ECF No. 32 at 6–8.

[7] ECF No. 35.

office, so he filed the complaint on the next "judicial day," which was the following Monday.[8] He makes no argument about the timeliness of his claim against Clark County.[9]

**I.   The claims against LVMPD and Clark County are time-barred.**

Federal courts apply the forum state's personal-injury statute of limitations for § 1983 claims.[10] In Nevada, the applicable statute of limitations is two years.[11] Applying the two-year statute of limitations, Foley's claims accrued on August 6, 2014,[12] and they expired on August 6, 2016. Because Foley added his claims against Clark County on July 23, 2018, and against LVMPD on July 23, 2018, the claims against those defendants are untimely. I therefore dismiss with prejudice the claims against LVMPD and Clark County as time-barred.

**II.   Rule 6 saves Foley's otherwise untimely claims against Graham, Bourne, and Gillespie.**

The clock also stopped on August 6, 2016, for Foley's claims against Graham, Bourne, and Gillespie. However, Foley contends that because August 6 fell on a Saturday, and "the Clerk was inaccessible on that date," the following Monday became the operative deadline under Federal Rule of Civil Procedure 6.[13] The defendants do not oppose this argument.[14]

Rule 6(a)(1) provides that if the last day of the limitations period falls on "a Saturday, Sunday, or legal holiday, the period continues until the end of the next [business] day." Further,

---

[8] ECF No. 40 at 2–3.
[9] *Id.*
[10] *Owens v. Okure*, 488 U.S. 235, 249–50 (1989).
[11] Nev. Rev. Stat. § 11.190(4).
[12] ECF No. 29 at 14 (booking voucher).
[13] ECF No. 40 at 2–3.
[14] *See* ECF No. 42.

3

Rule 6(a)(3) provides that if the Clerk's Office is inaccessible on the last day for filing, then the time is extended to the next accessible day. Courts may extend a Saturday filing deadline to the next Monday.[15] But the fact that a deadline falls on a weekend day does not mean that the Clerk's Office is inaccessible if the electronic-filing system is functioning properly.[16]

I am unpersuaded by Foley's argument that he didn't have access to the Clerk's Office because he has failed to allege that he "did not have access to the internet of the [c]ourt's electronic filing system"[17] or that the Clerk's Office was inaccessible for another reason. Nonetheless, the defendants failed to consult Rule 6 in arguing that the statute of limitations had run on Foley's claims against Graham, Bourne, and Gillespie. Had the defendants consulted Rule 6(a)(1) and a calendar before raising their statute-of-limitations arguments, they would have seen that Foley's claims against them were timely filed. So I deny their motion to dismiss on this ground, and I consider the merits of the dismissal motions against only Graham, Bourne, and Gillespie.

**III.    Defendants' motion to dismiss the claims against Graham and Bourne [ECF No. 32]**

The defendants also argue that Foley failed to state a claim against both Graham and Bourne "in their *individual* capacities" because he has not pleaded any facts to show that they acted outside of their official roles.[18] They cite no authority for their argument that they are entitled to

---

[15] *See, e.g.*, *Pettit v. United States*, 488 F.2d 1026, 1031 (Ct. Cl. 1973) (deeming timely filed an appeal that the plaintiff filed on the Monday after the preceding Saturday's deadline); *Randolph v. Tennessee Valley Auth.*, 792 F. Supp. 1221, 1224 (N.D. Ala. 1992) (similar).

[16] *See McElveen v. Westport Recovery Corp.*, 310 F. Supp. 3d 1374, 1379 (S.D. Fla. 2018) ("Mindful of recent caselaw on the matter and Plaintiff's failure to allege that her counsel did not in fact have access to the internet or the Court's electronic filing system, the Court finds that the clerk's office was not 'inaccessible' on [the day of a major hurricane].").

[17] *Id.*

[18] ECF No. 32 at 8.

4

dismissal on this basis, and they appear to misunderstand the law in this regard. "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law."[19] "[T]o establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."[20] "While the plaintiff in a personal-capacity suit need not establish a connection to governmental 'policy or custom,' officials sued in their personal capacities, unlike those sued in their official capacities, may assert personal immunity defenses such as objectively reasonable reliance on existing law."[21]

Foley alleges that Graham and Bourne deprived him of his due-process rights by relying on an invalid warrant to arrest and detain him and that, during the arrest, they used excessive force to restrain him when he stated that he did not have the $804 that the officers demanded to keep him from going to jail.[22] Because the whole purpose of § 1983 is to allow a plaintiff to challenge an individual's conduct under color of state law that deprives the plaintiff of his civil rights,[23] Foley's claims fall squarely within § 1983's domain. The defendants have failed to support their single-paragraph argument with any authority to explain why Graham and Bourne cannot be held liable in their personal capacities for the alleged misconduct. They have also not made any argument about whether an official-capacity claim can survive, or whether Graham and Bourne are entitled to qualified immunity. I decline to make those arguments for them, and I deny their motion to dismiss.

---

[19] *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

[20] *Id.* (internal quotation marks omitted).

[21] *Id.* (quoting *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985)).

[22] ECF No. 18 at 5.

[23] *Hafer*, 502 U.S. at 25.

## IV. Defendants' motion to dismiss the claims against Gillespie [ECF No. 29]

Defendant Gillespie argues that Foley's damages claims against him in his official capacity fail, among other reasons, because such a suit "is the functional equivalent of a suit against LVMPD," and the magistrate judge already found that Foley did not allege any claims against LVMPD in his second amended complaint.[24] "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office [; thus, it is] no different from a suit against the State itself."[25] I previously explained that Foley failed to state any claims against LVMPD[26] and that any such claims would be time-barred.[27] Accordingly, any official capacity suits against the former sheriff must also be dismissed.

Further, Foley's official-capacity claims against Gillespie for injunctive relief under § 1983 also fail. "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983."[28] "'An actionable civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage.'"[29] But "[i]n Nevada[,] a corporation cannot conspire with its employees if those employees are acting within

---

[24] ECF No. 29 8–9.

[25] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

[26] ECF Nos. 22, 21.

[27] *See infra* p. 4.

[28] *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

[29] *O'Neal v. Las Vegas Metro. Police Dep't*, 2018 WL 4088002, at *8 (D. Nev. Aug. 27, 2018) (quoting *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 622 (Nev. 1983)).

6

the course and scope of their employment,"[30] and "employees cannot conspire among themselves unless they were 'acting as individuals for their individual advantage, and not in the course and scope of their employment.'"[31] Thus, a § 1983 claim that is premised on a conspiracy theory of liability necessarily fails for lack of personal participation.

Foley alleges that Gillespie was complicit in the operation of a debtor's prison at the Clark County Detention Center using fake warrants, and that he enabled Graham and Bourne to arrest Foley in coordination with the hearing master, family court judge, and others—all of whom have been dismissed from this case—to procure his unlawful arrest.[32] However, because Nevada law doesn't recognize this kind of a conspiracy claim, I dismiss the claims against Gillespie.

I now consider whether to grant Foley leave to amend his claims against Gillespie. "The decision of whether to grant leave to amend . . . remains within the discretion of the district court, which may deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment."[33] This case began in 2016 and Foley struggled to pass the screening stage. He has disobeyed the magistrate judge's order not to replead previously dismissed claims and to delineate the claims against each particular defendant with factual support.[34] Foley has thrice

---

[30] *Laxalt v. McClatchy*, 622 F. Supp. 737, 745 (D. Nev. 1985), *overruled on other grounds by LaMantia v. Redisi*, 38 P.3d 877 (Nev. 2002).

[31] *Id*. at 754.

[32] ECF No. 18 at 9–10.

[33] *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (internal quotation and alterations omitted).

[34] ECF No. 21.

amended his complaint and his current pleading demonstrates that any further amendments to assert claims against Gillespie would be futile. Thus, Foley's claims against Gillespie are dismissed with prejudice and without leave to amend.

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 32]** is **GRANTED IN PART AND DENIED IN PART**. The claims against Clark County are dismissed with prejudice as time-barred. The motion is **DENIED** as to defendants Kurt Graham and Kenneth Bourne.

IT IS FURTHER ORDERED that the defendants' motion to dismiss **[ECF No. 29]** is **GRANTED**. The plaintiff's claims against the Las Vegas Metropolitan Police Department are dismissed with prejudice as time-barred. The claims against former Sheriff Douglas Gillespie are also dismissed with prejudice and without leave to amend. This case proceeds on Foley's claims against defendants Graham and Bourne only.

IT IS FURTHER ORDERED that this case is referred to the magistrate judge to issue an appropriate order regarding scheduling.

DATED February 11, 2020.

_____
Jennifer A. Dorsey
United States District Judge