# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Michael Foley,

    Plaintiff

v.

Kenneth Graham, et al.,

    Defendants

Case No.: 2:16-cv-01871-JAD-VCF

**Order Granting Motion to Extend Time**

[ECF No. 51]

After missing his deadline to oppose defendants' motion to dismiss,[1] pro se plaintiff Michael Foley now moves to extend that deadline so he can file an opposition.[2] Defendants oppose that request and ask the court to grant their motion to dismiss as uncontested.[3]

When a party moves to extend a deadline after that deadline has already passed, as Foley does here, the movant must "demonstrate[] that the failure to file the motion [to extend the deadline] before the deadline expired was the result of excusable neglect."[4] "Excusable neglect 'encompasses situations in which the failure to comply with a filing deadline is attributable to negligence,' and includes 'omissions caused by carelessness.'"[5] "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"[6] "To determine when neglect is excusable, we conduct the equitable analysis specified in *Pioneer* [*Investment Services Company v. Brunswick Associates*

---

[1] ECF No. 47.

[2] ECF No. 51.

[3] ECF No. 52.

[4] L.R. IA 6-1(a).

[5] *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394–95 (1993)),

[6] *Lemoge*, 587 F.3d at 1192 (quoting *Pioneer*, 507 U.S. at 395).

*Ltd.*] by examining 'at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'"[7]

Foley states that his failure to timely respond was the result of excusable neglect because he was in the middle of moving out of his home and was only "recently . . . able to use his computer since having completed his move." Weighing the *Pioneer* factors, I find that Foley has demonstrated excusable neglect for failing to move to extend the deadline before it expired. So I grant his motion and extend his deadline to respond to the defendants' motion to dismiss to April 3, 2020.

IT IS THEREFORE ORDERED that Foley's motion to extend the deadline to respond to the defendants' motion to dismiss **[ECF No. 51] is GRANTED. Foley must file his response to that motion [ECF No. 47] by April 3, 2020, or the motion will be granted as unopposed.**

Dated: March 13, 2020

                                                _____
                                                U.S. District Judge Jennifer A. Dorsey

---

[7] *Id.* (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000)).