# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Michael Foley,

      Plaintiff

v.

Kurt Graham, et al.,

      Defendants

Case No.: 2:16-cv-01871-JAD-VCF

**Order Granting Motion to Dismiss with Leave to Amend Excessive-force Claim Only**

[ECF No. 58]

After multiple amended complaints and motions to dismiss, only two claims and two defendants in their official capacities remain in this civil-rights action. Plaintiff Michael Foley sues Clark County District Attorney's Office Investigators Kurt Graham and Kenneth Bourne in their official capacities for unlawful arrest and excessive force, stemming from his 2014 arrest for unpaid child-support obligations. Having recently won dismissal of the individual-capacity version of those claims based on immunity, the defendants now move to dismiss these remaining official-capacity claims, arguing that, because Foley cannot state a constitutional violation, the County cannot be liable under *Monell v. Department of Social Services*. Although I find that this is true for Foley's unlawful-arrest claim, I give Foley one last chance to amend his excessive-force claim to state true facts showing that Graham's handcuffing conduct states a cognizable *Monell* claim.

## Background

Foley alleges that he was wrongfully arrested in 2014 when Graham and Bourne relied on a warrant that was not authorized by a judge.[1] He also claims that when Graham handcuffed

---

[1] ECF No. 18 at 5.

him, he did so "excessively tight" on his wrist.[2]  More than two years later, Foley sued a handful of defendants under 42 U.S.C. § 1983.[3]  After multiple rounds of screening, Foley was left with claims against former Sheriff Douglas Gillespie, the Las Vegas Metropolitan Police Department (LVMPD), Graham, and Bourne.[4]  Dismissal orders further whittled this case down to claims against Graham and Bourne in their official capacities for excessive force and unlawful arrest, which are effectively claims against their offices and not against them personally.[5]  And because those claims are effectively against the County and not against individuals anymore, they must satisfy the *Monell* standard.

The defendants now seek to fully end this case, which has been idling at the pleading stage for more than four years, arguing that Foley cannot state a claim under *Monell* because he cannot identify a constitutional violation under his theory of the case, and his complaint lacks factual allegations that the officers acted under a policy or custom to violate his rights.  Foley responds with a variety of objections and comments, but they fail to excuse the material deficiency in his pleading:  the facts he alleges do not rise to a cognizable constitutional violation under any theory.

**Discussion**

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[6]  While Rule 8 does not

---

[2] *Id.*

[3] ECF No. 1.

[4] ECF No. 22.

[5] ECF Nos. 45, 57.

[6] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

require detailed factual allegations, a properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face" to survive a motion to dismiss.[7]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[8]  In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[9]

Generally, municipalities are not liable under § 1983 unless the "municipality *itself* causes the constitutional violation at issue."[10]  In *Monell*, the United States Supreme Court held that liability extends to a local government only when the constitutional violation was the result of its policy, practice, or custom; or a decision-making official directed or ratified the complained-of conduct.[11]  But when "there is no constitutional violation, there can be no municipal liability."[12]

## A.   Foley's excessive-force claim is dismissed with leave to amend.

In my last dismissal order, I determined that Graham enjoys qualified immunity from Foley's excessive-force claim because it was not clearly established that placing handcuffs on an individual—without knowledge that the individual was in pain—violated the Fourth Amendment.  I held that those facts "simply do not state a constitutional deprivation" that would

---

[7] *Twombly*, 550 U.S. at 570.

[8] *Iqbal*, 556 U.S. at 678.

[9] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[10] *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (emphasis in original).

[11] *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978).

[12] *Villegas v. Gilroy Garlic Festival*, 541 F.3d 950, 957 (9th Cir. 2008); *accord City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

defeat qualified immunity.[13]  The defendants argue that this line in my previous order forecloses Foley's excessive-force claim in any iteration.[14]  They add that, even if Foley has alleged sufficient facts to state a constitutional violation, he has not alleged that the violation was the result of a custom or policy established by the County.[15]  Foley responds that he will have experts testify about his injuries and that he was not required to allege that he knew the handcuffs were too tight at the time of his arrest.

Though pro se litigants are afforded a flexible review of their pleadings, they must still state a cognizable theory, and "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."[16]  Foley's complaint contains two lines about his excessive-force theory: "During the false arrest, the defendant Kurt Graham placed the handcuffs excessively tight on the right wrist of the plaintiff with deliberate indifference, to cause him to suffer pain and injury to his wrist.  The plaintiff suffered pain injury [sic] due to the defendant's malfeasance and recklessness."[17]  Foley does not allege that the tight application of the handcuffs was done in accordance with a County policy.  These two conclusory lines fail to state a claim for relief as they are merely a recitation of the elements of an excessive-force claim, and they do not satisfy the additional and necessary *Monell* standard.

But this does not yet mean that Foley could never state an excessive-force claim against the County from these facts.  When I dismissed Foley's individual-capacity excessive-force

---

[13] *See* ECF No. 57 at 7.

[14] ECF No. 58 at 3, 8.

[15] *Id.* at 8, 10.

[16] *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *see Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251 (9th Cir. 1997); *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010).

[17] ECF No. 18 at 5.

1  claim against Graham, I did so based on qualified immunity.  I determined that while the Ninth

2  Circuit had recognized by 2014 that use of overly tight handcuffs could state a claim for

3  excessive force, those cases were in the context of officers who refused to loosen handcuffs after

4  a detainee made a request or where the handcuffs caused a visible injury.[18]  So, a reasonable

5  officer would not have been on notice that he was violating Foley's constitutional rights and

6  Graham thus enjoyed qualified immunity.

7        But the fact that the right was not clearly established for qualified-immunity purposes,

8  does not necessarily mean that Graham's force was not excessive.[19]  And although Foley has

9  pled no facts to satisfy the policy, practice, or custom requirement of *Monell*, I am not yet

10  convinced that he cannot offer such facts.  At the dismissal stage in this pro se action, I must

11  liberally grant leave to amend to give Foley the opportunity to put forth any facts he can

12  truthfully plead to state a proper *Monell* claim for excessive force against Graham in his official

13  capacity.  So I dismiss this claim because it is merely a recital of the elements of excessive force,

14  ignores the additional *Monell* elements needed to maintain this official-capacity claim, and fails

15  to plead *facts* necessary to state a cognizable claim at this time.  But I do so with leave to amend

16  if Foley can plead true facts that show that (1) the force Graham used rises to the level of a

17  constitutional deprivation and (2) a County policy, practice, or custom was the moving force

18  behind that constitutional deprivation.

19

20

21  [18] ECF No. 57 at 6 (citing *LaLonde v. Cnty of Riverside*, 204 F.3d 947, 960 (9th Cir. 2000);
*McGuigan v. Cnty. of San Bernardino*, 698 F. App'x 919, 920 (9th Cir. 2017) (unpublished);
22  *Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir. 1993); and *Hansen v. Black*, 885 F.2d 642, 645
(9th Cir. 1989)).

23  [19] *See LaLonde v. Cnty. of Riverside*, 204 F.3d 947, 960 (9th Cir. 2000) ("The issue of tight
handcuffing is usually fact-specific and is likely to turn on the credibility of the witnesses.").

If Foley chooses to file an amended complaint to cure the defects I've identified above, he is advised that an amended complaint supersedes the original complaint, so it must be complete in itself without reference back to an earlier version of the complaint.  Foley is granted leave to attempt to plead a cognizable excessive-force claim against defendant Graham in his official capacity only; the amended complaint may not include any claims other than this singular one.  The amended complaint must be titled "Third Amended Complaint" and it must be filed on the Court's complaint form.  If Foley does not file a Third Amended Complaint by November 9, 2020, the Court will deem that silence an admission that Foley lacks the facts necessary to cure the defects identified in this order and also as consent to dismiss this action with prejudice and close this case.

**B.     Foley's unlawful-arrest claim is dismissed with prejudice.**

When I dismissed Foley's individual-capacity, unlawful-arrest claim against the defendants, it was because Foley relied on the untenable legal theory that only a judge may sign a warrant in Nevada.[20]  I wrote, "Foley's theory that the warrant was legally invalid because it was issued by a hearing master and not a judge fails as a matter of law."[21]  The defendants argue that this conclusion also requires the dismissal of this claim against the defendants in their official capacities.[22]  Foley maintains that several Nevada laws unconstitutionally violate the separation-of-powers doctrine and that his claims must proceed so he can depose judges.[23]  But because Foley's factual theory in support of this unlawful-arrest claim fails as a matter of law as

---

[20] ECF No. 57 at 8; *see* ECF No. 18 at 5, 7, 8.

[21] ECF No. 57 at 8.

[22] ECF No. 58 at 9.

[23] ECF No. 60 at 5–11.

I explained in detail in my prior order and will not reiterate here,[24] it must be dismissed in every

capacity—individual and official.  So I grant the defendants' motion on this claim and dismiss

Foley's unlawful-arrest claim with prejudice because amendment would be futile and I find it

"absolutely clear that the deficiencies of the complaint could not be cured by amendment."[25]

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 58] is

GRANTED in part**:

- Foley's claim for unlawful arrest is dismissed with prejudice.

- Foley's claim for excessive force against Graham is dismissed with leave to amend.

- **Foley has until November 9, 2020, to file his amended complaint consistent with this order.  If he fails to do so, Foley's excessive-force claim against Graham will be deemed abandoned and dismissed with prejudice, and this case will be closed.**

- The motion is denied in all other respsects.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to**

- Terminate defendant Bourne from this action, and

- SEND plaintiff the court's civil-rights complaint form for a non-prisoner.

_____

U.S. District Judge Jennifer A. Dorsey
October 19, 2020

[24] *See* ECF No. 57 at 7–9.  Foley's arguments about the validity of this claim and the illegality of the warrant do not persuade me otherwise.

[25] *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).