**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Michael Foley, | Case No.: 2:16-cv-01871-JAD-VCF |
| Plaintiff | |
| v. | **Order Granting Motion to Dismiss and Closing Case** |
| Kurt Graham, et al., | [ECF No. 66] |
| Defendants | |

After two rounds of unsuccessful amendments, I dismissed Plaintiff Michael Foley's excessive-force lawsuit against official-capacity defendant Kurt Graham.[1] But I gave Foley one last chance to amend his complaint if he could plead true facts showing that Graham's tight handcuffing during Foley's 2014 arrest (1) rose to the level of a constitutional violation and (2) was done because of a County policy, practice, or custom.[2] In that order, I explained that if Foley chose to amend his complaint, he could neither rely on any previous versions of his complaint nor "include any claims other than [the] singular [*Monell v. Department of Social Services*] claim."[3]

Foley ignored those directions and instead re-filed his previously dismissed complaint with two new pages of unrelated facts[4] that do not cure his complaint's deficiencies, and which Graham now moves to dismiss.[5] In his new filing, Foley alleges that Graham handcuffed him

---

[1] ECF No. 63 (order granting third motion to dismiss).

[2] *Id.* at 5–6.

[3] *Id.* at 6.

[4] ECF Nos. 64 (third amended complaint), 65 (errata).

[5] ECF No. 66 (motion to dismiss). Previously dismissed defendants Las Vegas Metropolitan Police Department and Douglas Gillespie join Graham's motion because Foley's third amended

too tightly one year after the incident identified in his previous complaint, but once Foley told Graham to loosen the handcuffs, Graham complied.[6] He adds that, since Foley's 2014 arrest, Graham is now required to ask detainees if their handcuffs are too tight.[7] But these allegations fall short of what is required under *Monell* and its progeny, which I informed Foley of in my last dismissal order. Foley has not pled any true facts to show that Graham handcuffed him in 2014 in a manner that would rise to the level of a constitutional violation, and he fails to show how a factually distinct occurrence—one year later—establishes a "pattern of similar constitutional violations by [an] untrained [County] employee[]."[8] So I grant Graham's motion to dismiss Foley's complaint.

To be clear, Foley's inadequately pled complaint—which improperly includes a previously dismissed claim and prior versions of his complaint—was not the product of his oversight or inexperience, or the fact that he is litigating without an attorney. He purposefully violated the previous order, noting that he:

> [A]mended his complaint alleging all facts because he is NOT going to file an amended complaint that would in any way foreclose his claims previously dismissed by the court. This court, as well as other courts, have repeatedly warned the plaintiff that amended complaints supercede [sic] prior complaints. Filing an amended complaint leaving out the prior claims would effectively waive the prior claims and the plaintiff isn't going to waive any claim, or give any court of appeal an easy opportunity to deny the plaintiff justice later in the future.[9]

---

complaint included claims against them, even though those claims were previously dismissed. ECF No. 68 (joinder).

[6] ECF No. 65 at 6–7.

[7] *Id.* at 7.

[8] *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

[9] ECF No. 69 at 1.

To be sure, my previous dismissal orders were not mere suggestions or traps designed to get Foley to "waive" claims. Foley has now had several chances to fix his complaint, along with this court's instructions for successfully doing so, and the fact that he still fails to state a claim at this juncture indicates that he cannot.

IT IS THEREFORE ORDERED that Defendant Kurt Graham's motion to dismiss **[ECF No. 66] is GRANTED**. **This case is dismissed with prejudice**, and the Clerk of Court is directed to **ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
December 2, 2020